[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12194
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00267-CG-B

CHERYL R. RUSSELL,

Plaintiff-Appellant,

versus

CITY OF MOBILE POLICE DEPARTMENT, et al.,

Defendants,

SYBIL THOMAS,
in her official and individual capacities as
Lieutenant and Radio Communications Officer Supervisor,
CITY OF MOBILE,
as the administrative and supervising entity
for the City of Mobile Police Department,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(January 14, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Cheryl Russell, a former dispatcher with the City of Mobile Police Department, appeals the district court's grant of summary judgment on her claim that the City of Mobile, Alabama, and Mobile Police Department Lt. Sybil Thomas (collectively, the "Defendants") engaged in an improper medical inquiry, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(d)(4)(A). The district court granted summary judgment in favor of the Defendants on Russell's improper medical inquiry claim on the ground that Russell failed to show that she suffered any damages or injury as a result of any alleged improper inquiry. On appeal, Russell disputes the district court's conclusion, claiming that she became faint and had to request medical attention as a result of the allegedly improper medical inquiry.[1] After careful review, we affirm.

---

[1] Russell raised numerous ADA-related claims below, but on appeal, her arguments focus entirely upon the denial of her improper inquiry claim under § 12112(d)(4)(A). Therefore, she has abandoned any argument that the district court erred in granting summary judgment on her other claims. See Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

We review a district court's grant of summary judgment <u>de novo</u>, viewing all facts in the light most favorable to the non-movant.  <u>Ross v. Clayton Cnty., Ga.</u>, 173 F.3d 1305, 1307 (11th Cir. 1999).  Under Federal Rule of Civil Procedure 56, a court will grant summary judgment if a movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).

The ADA provides that an employee may "not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity."  42 U.S.C. § 12112(d)(4)(A).  Notwithstanding the proscriptions in § 12112(d)(4)(A), an employer may "make inquiries into the ability of an employee to perform job-related functions."  42 U.S.C. § 12112(d)(4)(B).  An employee may raise a § 12112(d)(4)(A) claim whether or not she is disabled.  <u>Owusu Ansah v. Coca Cola Co.</u>, 715 F.3d 1306, 1310 (11th Cir.), <u>cert. denied</u>, 134 S. Ct. 655 (2013).

Although we have not published a decision holding that a plaintiff-employee must show damages or injury in order to succeed on a § 12112(d)(4)(A) claim, we have held that plaintiffs raising claims under § 12112(d)(2)(A), a parallel provision applicable to job applicants (as opposed to employees), must show damages --

emotional, pecuniary, or otherwise.  Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1216-17 (11th Cir. 2010).  In Harrison, we determined that where a plaintiff was not hired -- and provided enough evidence for a reasonable jury to find that it was because of his responses to allegedly unlawful questions -- he had shown sufficient damages to withstand summary judgment.  See id. at 1217.

As noted, § 12112(d)(2)(A) and (d)(4)(A) are parallel provisions with similar language and virtually identical prohibitions concerning medical inquiries, the only difference being that one applies to job applicants and the other to employees.  Thus, we agree with the district court that the proof of damages requirement set in Harrison equally applies to cases involving allegedly improper inquiries under § 12112(d)(4)(A).

We also agree that in this case, Russell has not shown that the record supports her claim that she suffered any injury or damages from any alleged improper medical inquiry.  As a potential injury resulting from the allegedly improper inquiry, Russell points to the heated conversation with Mobile Police Department Lt. Sybil Thomas, alleging that she felt faint and had to request medical attention, but that argument mischaracterizes the record.  According to the affidavits of Mobile Police Department Radio Communications Officers ("RCO") Brenda Wilks and Gloria Herrine, and of Lt. Thomas, the heated conversation with Thomas was unrelated to the medical inquiry, and, rather, concerned an internal

4

complaint that Russell had lodged against another employee. The excerpts from Russell's deposition in the record do not contradict the affidavits. Additionally, although Russell returned to an RCO office later the same day to request medical attention, nothing in the record suggests that her request for medical attention was related to the allegedly improper inquiry. Thus, Russell has not shown any genuine dispute of material fact concerning any damages she suffered from any allegedly improper inquiry under § 12112(d)(4)(A). See Harrison, 593 F.3d at 1216-17.[2]

As for Russell's assertion that a jury should be allowed to decide whether other symptoms that she suffered -- namely, depression and mood changes -- were the proximate result of the alleged § 12112(d)(4) violation, we are unpersuaded. Russell testified that she suffered those particular symptoms because of her Graves' disease, and nothing else in the record suggests that she suffered depression or any other malady because of the alleged § 12112(d)(4)(A) violation. Accordingly, the district court properly granted summary judgment because Russell failed to show that she suffered any injury or damages as a result of the alleged § 12112(d)(4)(A) violations.

**AFFIRMED.**

---

[2]    Russell also suggests, in the facts section of her brief, that, on July 14, 2009, the paramedics provided a copy of her medical report to her supervisors. Even if true, however, Russell would still have to prove that she suffered damages or injury as a result of the improper inquiry, which she has not done. See id.